### STATE OF MINNESOTA *vs.* MATHEW GALVIN.

### July 16, 1880.

**Complaint for Obstructing Highway.**—The provision of Gen. St. 1878, *c.* 13,. § 65, which makes it the duty of the board of town supervisors to make complaint of and prosecute persons obstructing public highways, is. not exclusive. Such complaint may be made by any person.

The chairman of the board of supervisors of the town of Brownsville, in Houston county, made complaint against defendant before a justice of the peace of the county, for obstructing a highway in that town. A warrant issued, and the defendant was arrested and brought before the justice. He pleaded not guilty, waived a jury, was tried and convicted, and fined $10, with costs. He appealed, on questions of law and fact, to the district court for Houston county, and in that court moved that the judgment of the justice be reversed. The motion was denied by *Page*, J., who ordered judgment of affirmance, which was entered, and the defendant again appealed.

*P. J. Smalley*, for appellant.

*Chas. M. Start*, Attorney General, for the State.

BERRY, J. Gen. St. 1878, *c.* 13, § 65, provides that whoever obstructs a public highway, with intent to prevent the free use thereof by the public, shall be subject to a fine of from five to twenty-five dollars, etc., and then proceeds as follows : "And it is hereby made the duty of the board of supervisors of the several towns of this state to make complaint and prosecute, in their official capacity, all violations of the provisions of this section."

Section 66 of the same chapter gives to justices of the peace jurisdiction to hear and determine all cases arising under section 65; and Gen. St. 1878, *c.* 65, § 140, gives them jurisdiction to hear, try, and determine all charges for offences arising within their respective counties, where the

punishment does not exceed a fine of $100, or three months' imprisonment; and section 141 in effect provides that complaint that any such offence has been committed may be made to a justice of the peace of the proper county by any person.

In view of these provisions of statute, it is plain that that part of section 65, chapter 13, making it the duty of the board of supervisors to make complaint of obstructions of highways, is not exclusive. Such complaint may be made by any person. In making it the duty of the supervisors to complain and prosecute, we presume that the only design of the legislature was to specify officers whose particular business it should be to see that the law was enforced. To accomplish this purpose it was not necessary to exclude complaints by private persons, and we do not think any such exclusion was intended.

2. As to the amount of the costs, the judgment of the justice is a little informal, but there is no chance to misunderstand what was meant.

3. The judgment of the district court is not erroneous upon its face; and as there is no case or bill of exceptions enabling us to review any errors which may have occurred in the proceedings of which it is the result, it must be taken to be right.

Judgment affirmed.